UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NOH MEBRAHTOM ,

Petitioner,

v.

MARKWAYNE MULLIN, ET AL,

Respondent.

Case No. 2:26-cv-02967-TLF

ORDER GRANTING HABEAS RELIEF IN PART

Petitioner Noh Mebrahtom has filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging his immigration detention. Dkt. 1, Habeas Corpus Petition. He is currently detained at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Dkt. 6, Declaration of Deportation Officer Nhat Truong (Truong Decl.) at 3. The parties have unanimously consented to the jurisdiction of a Magistrate Judge. Dkt. 4.

Having considered the petition, the briefing, and the record, the Court GRANTS the petition in part; petitioner's continued detention violates due process. The respondents must provide petitioner a prompt post-deprivation hearing.

## I. Background

Petitioner is a citizen and national of Eritrea who entered the United States without inspection and was encountered on November 17, 2022 near San Ysidro, California. Dkt. 6, Truong Decl. at 2. He was placed into custody by Border Patrol on the

next day and issued a Notice to Appear (NTA) on November 18, 2022. *Id*; Dkt. 7-3, NTA.

This NTA was never filed with the immigration court. Dkt. 6, Truong Decl. at 2. On December 28, 2022, Enforcement and Removal Operations (ERO) issued a superseding NTA. Dkt. 6, Truong Decl. at 2; Dkt. 7-3. Petitioner's Notice to Appear states he is "an alien present in the United States who has not been admitted or paroled." Dkt 7-3, NTA at 2.

Respondents contend petitioner is an applicant for admission subject to detention under 8 U.S.C. § 1225(b)(2). Dkt. 5 at 1. They also acknowledge that petitioner was released from custody on an Order of Release on Recognizance (OREC). Dkt. 6, Truong Decl. at 2. The OREC states petitioner "must not violate any local, State, or Federal laws or ordinances" while released and "[f]ailure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security." Dkt. 7-2, OREC at 2; Dkt. 6, Truong Decl. at 2.

On May 8, 2024, petitioner was arrested by the Washington State Patrol for allegedly driving under the influence. Dkt. 6, Truong Decl. at 3. On September 4, 2025, the immigration judge ordered petitioner removed to Eritrea, and his appeal to the Board of Immigration Appeals remains pending. *Id*.; Dkt. 7-1, Form I-213. On June 27, 2026, petitioner was arrested by the Kirkland, Washington Police for public urination. Dkt. 6, Truong Decl. at 3.

Petitioner claims he has one criminal conviction for reckless driving, and "[t]he Washington Department of Licensing issued a notice dated August 6, 2026 suspending

his driving privilege for a single thirty-day period beginning September 22, 2026, after which he is eligible for reinstatement." Dkt. 1 at 3.

The petition alleges that ICE detained him because he allegedly missed a routine check in and "Petitioner denies that he missed any required check-in with ICE, and states that he was taken into custody during an enforcement operation rather than at any scheduled appointment." Dkt. 1 at 3, 10.

Respondents claim petitioner came to a scheduled appointment on August 6, 2026 where officers performed "routine checks" and discovered petitioner "was arrested on May 8, 2024 for DUI and on June 27, 2026 for urinating in public, both with pending dispositions." Dkt. 7-1, Form I-213 at 3. They revoked his OREC and issued a Warrant for Arrest and a Notice of Custody Determination. Dkt. 7-1, Form I-213 at 3; Dkt. 7-4, Warrant For Arrest; Dkt. 7-5, Notice of Custody Determination; Dkt. 7-6, Cancellation of OREC.

Petitioner claims, and respondents do not directly dispute, that petitioner did not receive a hearing before an IJ or another neutral decisionmaker to assess his re-detention or whether he presented a flight risk or danger to the community. Dkt. 1 at 4, 11.

## II. Discussion

### A. Detention Authority

Respondents first argue petitioner is mandatorily detained under 8 U.S.C. § 1225(b) and not 8 U.S.C. § 1226(a). Dkt. 5 at 1-2, 5. They argue "[l]anguage in the Ninth Circuit's recent decision in *Rodriguez Vazquez* supports this interpretation." Dkt. 5 at 2 (citing *Rodriguez Vazquez v. Bostock*, 25-6842, 2026 WL 2196424, at *10 (9th Cir.

July 30, 2026) ("In this case, we conclude that § 1225(b)(2)(A), based on its text and context, is best construed as applying to aliens entering the United States at the border. Section 1226, by contrast, is best understood as governing inadmissible and deportable aliens present in the interior of the United States.")).

Yet the NTA does not state petitioner is an arriving alien. Dkt. 7-3, NTA at 2; *see Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) ("Notably, the issuing officer explicitly declined to designate Petitioner as an 'arriving alien,' . . . which is the active language used to define the scope of § 1225(b)(2)(a) in its implementing regulation.") (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218-19 (D. Mass. 2025)). Petitioner's OREC was issued "in accordance with section 236 of the Immigration and Nationality Act." 7-2 at 2; s*ee, e.g.*, *Aguilar-Graterol v. Warden/Facility Adm'r, Nw. Det. Cente*r, No. 2:26-CV-00997-LK, 2026 WL 1162705, at *4 (W.D. Wash. Apr. 29, 2026) (OREC issued under section 236 indicated government's treatment of petitioner as "subject to discretionary detention under 8 U.S.C. § 1226 from his arrival in the United States until [his subsequent re-detention]"); *Fiston v. Bondi*, No. 2:26-CV-00904-JHC, 2026 WL 926064, at *3 (W.D. Wash. Apr. 6, 2026) (noting that the presence of this language made petitioner's case "even stronger").

Release or "conditional parole" under an OREC is authorized under § 1226(a)(2)(B). *See* 8 U.S.C. § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). Respondents acknowledge "that courts in this District have found when the government has released

a petitioner on OREC, then their detention is governed by 8 U.S.C. § 1226 rather than 8 U.S.C. § 1225 and is therefore considered discretionary." Dkt. 5 at 5-6 (citing cases). Under the circumstances of the arrest and re-detention of petitioner in August 2026, petitioner was subject to § 1226(a).

**B. Due Process Claim**

Respondents claim that "[p]etitioner's re-detention without a pre-deprivation hearing does not violate due process because Petitioner's material breach of the explicit terms of his OREC provided ICE with an objective basis to re-detain him without notice and a hearing…. Specifically, Petitioner was re-detained after he was arrested for a dangerous offense, driving while intoxicated." Dkt 5 at 7. Alternatively, respondents argue that petitioner is entitled to a post-deprivation hearing. Dkt. 5 at 10.

Regardless of the statutory basis of petitioner's detention, the Due Process Clause may provide procedural protections not found in the statute. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("the fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'").

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . " This right extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

The Court adopts the reasoning from *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d at 1320-24, to assess petitioner's claim under the *Mathews* factors which include: (1) The private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) respondents' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

**1) Private Interest**

The first *Mathews* factor weighs in petitioners' favor. Individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025).

Here, it is undisputed respondents released petitioner on parole in November, 2022 and he remained in the community for years until he was re-detained in August 2026. Dkt. 1 at 7; Dkt. 5 at 3. Given the petitioner's prior release, the Court finds petitioner has been deprived of an established liberty interest. *See E.A. T.-B.*, 795 F. Supp. 3d at 1321-22.

Yet petitioner was arrested on May 8, 2024 for driving under the influence and ultimately convicted of reckless driving after his initial release. Dkt. 1 at 7; Dkt. 5 at 8. He was also arrested by the Kirkland Police on June 27, 2026 for public urination. Dkt. 5 at 4, Dkt. 8 at 4. Therefore, petitioner's individual interest is not as strong as it would be

for an individual without any showing of material change in circumstance, especially as may be relevant to the assessment of dangerous or flight risk. *See Singh Sandhu v. Noem*, No. 2:26-cv-00465-TLF, 2026 WL 607701, at *2–3 (W.D. Wash. Mar. 4, 2026).

**2) Risk of Erroneous Deprivation**

The second *Mathews* factor weighs in petitioner's favor because petitioner has not been provided with any opportunity to address the bases asserted for his re-detention. *See generally* Dkt. 5; *see also E.A. T.-B.*, 795 F. Supp at 1322 ("even if Petitioner's arrest was not pretextual and was solely motivated by ICE's realization of his ATD violations, it would not necessarily follow that Petitioner can be detained for those violations without a hearing.").

**3) Government Interest**

The third *Mathews* factor also weighs in petitioner's favor. "[T]he government clearly has a strong interest in preventing [noncitizens] from 'remain[ing] in the United States in violation of our law.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (2022) (quoting *Denmore v. Kim*, 538 U.S. 510, 518 (2003)). While "we 'must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative'" of the executive and legislature, *id*. (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)), respondents here have not articulated a compelling interest in re-detaining an individual who was on parole without any hearing whatsoever. *Orozco Valle v. Scott*, No. 2:25-cv-02429-TLF at 15 (W.D. Wash. Jan. 5, 2026); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

**4) Remedy**

The *Mathews* factors weigh in petitioner's favor, and in these circumstances involving a conviction for a criminal offense, and a new arrest for a different offense, the Court holds that a prompt post-deprivation hearing is consistent with due process. *See Singh Sandhu v. Noem*, No. 2:26-cv-00465-TLF, 2026 WL 607701, at *2–3 (W.D. Wash. Mar. 4, 2026) (holding same). This hearing must be held within 10 calendar days of this order's filing date, unless petitioner requests a continuance for good cause. *See Orozco Valle v. Scott,* No. 2:25-cv-02429-TLF (W.D. Wash. Jan. 5, 2026) at 9-11.

**CONCLUSION**

For the above reasons, the petition for writ of habeas corpus (Dkt. 1) is **GRANTED IN PART,** and the Court ORDERS as follows:

1. The Court holds that respondents' re-arrest and re-detention of petitioner on August 6, 2026 was implemented under 8 U.S.C. § 1226(a), but even if he is detained under 8 U.S.C. § 1225(b), under either statutory framework, the Court declares his due process rights were violated.
2. Respondents shall provide adequate due process to petitioner and hold a post-deprivation hearing within **10 calendar days** (if petitioner requests a continuance for good cause, this deadline may be extended) of the date this order is filed. This hearing shall be conducted by an immigration judge where respondents will bear the burden of proving by clear and convincing evidence that petitioner is a flight risk or a danger to the community, and that no alternatives to detention would mitigate those risks.

3. The parties shall file a joint status report on or before **October 9, 2026** confirming whether petitioner received a hearing held before an immigration judge as ordered above, and report whether he has been released.
4. The Court will entertain any appropriate post-judgment motion for attorney's fees.

Dated this 23rd day of September, 2026.

Theresa L. Fricke
United States Magistrate Judge